# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-508 |
| HERBERT SMITH | : | |

## GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER RELATING TO MINOR VICTIM

In accordance with Federal Rule of Criminal Procedure 16(d) (Discovery and Inspection) and 18 U.S.C. §§ 3509(d) (The Child Victims' and Child Witnesses' Rights Act) and 3771(a) (The Crime Victims' Rights Act), the government respectfully moves this Court for a Protective Order to ensure the privacy and dignity of the alleged minor victim in this case by preventing the dissemination of a piece of discovery involving that minor. Defendant's counsel has been contacted and does not oppose the government's motion.

## I. INTRODUCTION.

Defendant has been charged with two counts of manufacture of child pornography in violation of 18 U.S.C. § 2251(a) and (e) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). The charges arise from the defendant manufacturing child pornography of an identified minor victim. Consistent with the law and longstanding policy, the government seeks a Protective Order to protect the dissemination of two items of discovery concerning the minor victim, those being a forensic interview of the minor victim and a report

1

summarizing that interview (bates number 0029-0034). Copies of this material have already been provided to defense counsel, but the Government hereby requests that it:

(1) will not be copied, photographed, duplicated, or otherwise reproduced except as written transcripts that do not reveal the identity of the minor;

(2) will remain in the exclusive custody of the defense counsel, their employees or agents;

(3) to the extent these items must be reviewed by an expert, they may be shown to any experts but will remain in the exclusive control of defense counsel;

(4) will not be provided to defendant, except that defendant's counsel may take the items to the defendant and show them to the defendant;

(5) that defendant, defendant's counsel or any agent thereof, be prohibited from disseminating these items or disclosing any information contained therein to anyone other than this Court and the parties to this case;

(6) that upon termination of representation or upon disposition of the matter at the trial court level, attorneys and other custodians of recordings promptly return all copies of the recording.

## II.   ARGUMENT.

As this case involves a minor victim, the privacy protection measures required by the Child Victims' and Child Witnesses' Rights Act (the "Act"), 18 U.S.C. § 3509, apply. The Act defines a "child" as "a person who is under the age of 18, who is or is alleged to be ... a victim of a crime of physical abuse, sexual abuse, or exploitation ... or a witness to a crime committed against another person." 18 U.S.C. § 3509(a)(2). The Act defines "sexual abuse" to include "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in…sexually explicit conduct." 18 U.S.C. § 3509(a)(8). The Act requires that certain measures be taken to protect the minor's privacy. Specifically, it provides as follows:

(1)   Confidentiality of information –

   (A)   A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall –

   (i) keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

   (ii) disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

   (B)   Subparagraph (A) applies to –

   (i) all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;

   (ii) employees of the court;

   (iii) the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and

   (iv) members of the jury.

Accordingly, the government seeks to prevent the dissemination of the forensic interview of the minor victim and a report summarizing that interview. As part of the government's investigation, the minor victim was interviewed at the Philadelphia Children's Alliance. The interviews was videotaped, which makes redaction extremely difficult. A report was generated which summarizes the interview and the examiner's conclusions. The government has provided a copy of these materials to defense counsel with the protections of the requested order.

3

Good cause exists for the government's request. These restrictions serve the compelling interest of "safeguarding the psychological well-being of a minor." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604-05 (1982). If no protective measures are taken, and the minor victim's identity becomes widely known or publically discoverable, the minor may be unnecessarily traumatized. Further, the government will be able to provide defense counsel discovery to allow for ease of reviewing the material while still safeguarding the important privacy interests of the minor involved. The requested protective order provides for the least intrusive means for protecting the minor victim's well-being while allowing defendant and his counsel to adequately prepare his defense.

### III.  CONCLUSION.

For the reasons set forth above, the foregoing safeguards are necessary to ensure the privacy and welfare of the minor victim and, thus, the government respectfully moves this Court to enter the  requested Protective Order.

        Respectfully submitted,

        WILLIAM M. McSWAIN
        United States Attorney


        __*/s/ Sara A. Solow*_____
        SARA A. SOLOW
        Assistant United States Attorney

Dated: September 26, 2019

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 19-508** |
| **HERBERT SMITH** | : | |

# **PROTECTIVE ORDER**

   And now, this _____ day of _____, 2019, upon consideration of the government's motion for a protective order, it is ORDERED AND DECREED that the motion is GRANTED.

   IT IS FURTHER ORDERED AND DECREED with respect to the recording of and report about the victim's forensic interview, this material:

1. will not be copied, except to the extent needed as trial exhibits or as counsel's working copies;

2. will not be shared outside of the defendant's counsel's office or with any person not employed by defendant's counsel;

3. to the extent this material must be reviewed by an expert, the discovery items may be shown to any experts but will remain in the exclusive control of defense counsel;

4. will not be provided to defendant, except that defendant's counsel may take the material to defendant and show it to defendant; and

1

5.       that defendant, defendant's counsel or any agent thereof, be prohibited from disseminating any of these materials or disclosing any information contained therein to anyone other than this Court and the parties to this case.

                BY THE COURT:

                _____
                HONORABLE C. DARNELL JONES, II
                United States District Court Judge

## **CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Motion for a Protective Order and Proposed Order was served by e-filing and email on the following defense counsel:

James McHugh
Office of the Federal Defender
601 Walnut Street, Suite 540 West,
Philadelphia, PA 19106

         */s/ Sara A. Solow*_____
SARA A. SOLOW
Assistant United States Attorney

Date: September 26, 2019